IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| ROLAND I. KEHANO, SR., | ) | CIV. NO. 17-00177 LEK-KSC |
|---|---|---|
| Petitioner, | ) | DISMISSAL ORDER AND DENIAL OF CERTIFICATE OF APPEALABILITY |
| vs. | ) | |
| SCOTT HARRINGTON, et al., | ) | |
| Respondent. | ) | |

## DISMISSAL ORDER AND DENIAL OF CERTIFICATE OF APPEALABILITY

Before the court is pro se Petitioner Roland Kehano's most recent pleading. It is unclear whether this document is intended as a petition for writ of habeas corpus under 28 U.S.C. § 2254, or as a civil rights complaint brought pursuant to 42 U.S.C. § 1983. In either case, the document makes little sense. Kehano has neither paid the civil filing fee for commencing an action nor submitted an in forma pauperis application.

For the following reasons, this action is DISMISSED without prejudice but without leave granted to amend.

**I.   PETITION FOR WRIT OF HABEAS CORPUS**

Kehano refers to himself as "Applicant-Petitioner," names his warden as Respondent, and asks "[t]he Court to entertain this Complaint of Habeas Corpus." ECF No. 1, PageID #2. He discusses a previous "Second or Successive habeas Corpus" petition, apparently arguing that it was dismissed because he had acquired "4 strikes," pursuant to 28 U.S.C. § 1915(g). *Id.* He refers to jury instructions and an "offense of Second-degree Murder to First-Degree Murder," although it is unclear whether he is speaking of his own trial. *Id.* at PageID #3. He mentions minimum term hearings held before the Hawaii Paroling Authority (HPA) in 1997 and 1998, says these hearings deprived him of due process and violated double jeopardy (without any statement of facts to support this claim), and says the HPA set his mandatory minimum term at fifteen years. These random statements support a finding that Kehano seeks habeas relief in this action.

To the extent Kehano is challenging his present conviction and sentence, however, this action must be

dismissed without prejudice as second or successive pursuant to 28 U.S.C. § 2244(a). Kehano has previously brought a writ of habeas corpus pursuant to 28 U.S.C. § 2254, in which he challenged his present conviction and sentence. *See Kehano v. Corr. Corp. of Am.*, Civ. No. 04-00376 HG, ECF No. 37 (D. Haw. June 20, 2004). That petition was not dismissed pursuant to 28 U.S.C. § 1915(g), as he vaguely alleges, however, but as time-barred. The district and appellate courts denied certificates of appealability. *Id*; App. Ord, ECF No. 40 (July 26, 2005).

Kehano has since filed several additional federal habeas petitions and motions to file second or successive petitions. *See, e.g*, *Kehano v. Harrington*, Civ. No. 1:16-cv-00589 LEK (D. Haw. 2016) (referred to Ninth Circuit Court of Appeals); *Kehano v. Sequeira*, Civ. No. 1:16-cv-00006 JMS (D. Haw. 2016) (same); *Kehano v. Espinda*, Civ. No. 1:12-cv-00526 JMS (D. Haw. 2012) (transferred to Ninth Circuit); *Kehano v. Raffetto*, Civ. No. 1:09-cv-00379 (D. Haw. 2009) (transferred to Ninth Circuit); *Kehano v. Dep't of*

*Public Safety*, Civ. No. 1:05-cv-00339 (D. Haw. 2005) (dismissing petition and referring to Ninth Circuit).

The court lacks jurisdiction to consider Kehano's Petition without authorization from the Ninth Circuit. *See* 28 U.S.C. § 2244(b)(3)(A); *Rishor v. Ferguson*, 822 F.3d 482, 490 (9th Cir. 2016) (holding failure to obtain appellate authorization for successive petition is jurisdictional).

## II. CIVIL COMPLAINT

Kehano also calls his pleading a "Complaint," and challenges a recent decision in *State of Hawaii v. Trump*, Civ. No. 1:17-cv-00050 DKW (D. Haw. 2017) (enjoining presidential executive order). Kehano discusses his military service in Vietnam and complains that Muslim immigrants will be allowed to settle in Hawaii if the Hawaii Attorney General is successful in Civ. No. 1:17-cv-00050.

A prisoner may not bring a civil action or appeal a civil judgment if he has:

> on 3 or more prior occasions, while incarcerated . . ., brought an action or appeal in a court of the United States

> that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless [he] is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

To the extent Kehano intends this document as a civil complaint, he may not proceed without concurrent payment of the civil filing fee because he has accrued three strikes pursuant to 28 U.S.C. § 1915(g). *See Kehano v. Espinda*, Civ. No. 1:12-cv-00529 JMS (D. Haw. 2012) (dismissed for failure to state a claim); *Kehano v. Pioneer Mill Co.*, Civ. No. 1:12-cv-448 (D. Haw. 2012) (same); *Kehano v. Hawaii*, Civ. No. 2:05-cv-02475 (D. Ariz. 2005) (same); *Kehano v. Hawaii*, 2:04-cv-00935 (D. Ariz. 2004) (same). Kehano has been notified of his strikes, indeed, he refers to them in his pleading.

Kehano's allegations regarding immigration irregularities in Hawaii, and challenges to the injunction filed in Civ. No. 1:17-cv-00050 are frivolous and do not show that he was in imminent danger of serious physical injury when he commenced

this action.  Kehano may not proceed without concurrent payment of the civil filing fee.

### III. CONCLUSION

(1)  To the extent this action seeks habeas corpus relief pursuant to 28 U.S.C. § 2254, it is DISMISSED without prejudice for lack of jurisdiction pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the U.S. District Courts.

(2)  To the extent Kehano's Petition was "mistakenly submitted" to this court, the Clerk is DIRECTED to refer the Petition to the Ninth Circuit Court of Appeals.  *See* Ninth Cir. Rule 22-3 ("If a second or successive petition or motion, or an application for authorization to file such a petition or motion, is mistakenly submitted to the district court, the district court shall refer it to the court of appeals.").  The Clerk shall send a copy of the Petition and this Order to the Clerk of the U.S. Court of Appeals for the Ninth Circuit.

The Clerk shall also provide Kehano with the form recommended by the Ninth Circuit for filing an

Application for Leave to File Second or Successive Petition Under 28 U.S.C. § 2254 or Motion Under 28 U.S.C. § 2255.

(3) To the extent a certificate of appealability is required, it is DENIED because "jurists of reason" would not "find it debatable" that this court lacks jurisdiction over this second or successive Petition without authorization from the Ninth Circuit. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

(4) To the extent the pleading is intended as a civil complaint it is DISMISSED without prejudice for Kehano's failure to concurrently pay the civil filing fee when he commenced this action. *See* 28 U.S.C. § 1915(g). The Clerk shall enter judgment and close the file.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, April 28, 2017.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge